# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DAMON FORBES,<br>　　Movant, | CRIMINAL NO.<br>1:09-CR-0177-3-WSD-GGB |
| v. | CIVIL ACTION NO.<br>1:12-CV-01727-WSD-GGB |
| UNITED STATES OF AMERICA,<br>　　Respondent. | MOTION TO VACATE<br>28 U.S.C. § 2255 |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Damon Forbes ("Movant" or "Forbes") has filed a motion to vacate sentence under 28 U.S.C. § 2255 [Doc. 288]. Movant challenges the constitutionality of his 240-month sentence that was imposed on May 17, 2011 [Doc. 273], following his guilty plea on October 8, 2009. Presently before the Court for consideration are: (1) Movant's § 2255 motion to vacate [Doc. 288]; (2) the United States of America's (hereinafter "Government") response to Movant's motion to vacate [Doc. 300]; and (3) Movant's reply to the Government's response [Doc. 302].[1]

---

[1] Movant's motion for an extension of time to file a reply [Doc. 301] is **GRANTED** *nunc pro tunc*.

## I. BACKGROUND

Forbes was charged in a sealed indictment filed on April 7, 2009 with one count of conspiracy to possess with intent to distribute at least five kilograms of cocaine. [Doc. 1]. The indictment was unsealed on September 10, 2009. [Doc. 15]. Forbes retained Ira Bradley Brownlow, Jr. ("Brownlow") as his attorney. [Doc. 56]. On September 22, 2009, the Government filed a "Notice of Sentencing Enhancement Pursuant to 21 U.S.C. § 851" which gave notice that the Government intended to seek a sentencing enhancement based on Forbes's prior conviction in the United States District Court for the Southern District of Ohio for conspiracy to possess cocaine with intent to distribute. [Doc. 43]. The § 851 Notice and Forbes's prior drug conviction resulted in Forbes being subject to a mandatory minimum sentence of twenty years. [PSR at 2].

Forbes entered a negotiated plea of guilty in the instant case on October 8, 2009. [Doc. 65-1]. The plea agreement informed Forbes that he faced a mandatory minimum term of imprisonment of twenty years and a maximum term of life imprisonment. The agreement called for Forbes's cooperation, and left open the possibility that the Government would move for a sentence reduction if the Government determined that Forbes's cooperation qualified as "substantial assistance." The Government agreed to recommend a sentence at the low end of the

2

adjusted sentencing guideline range. Forbes waived his right to file an appeal or a collateral attack on his convictions and sentence. [Doc. 65-1].

At the plea hearing, the district court advised Forbes of his rights and made sure that Forbes understood the charge to which he pleaded guilty. The court explained that there was a twenty-year mandatory minimum sentence and a maximum sentence of life imprisonment and that the court could impose the maximum sentence. [Doc. 66 at 25]. The court had the Government describe the facts of the case, and Forbes admitted that he entered into the agreement to traffic in cocaine described by the Government. [*Id.* at 38-39]. Forbes admitted that he was guilty and that it was in his best interest to plead guilty. The court accepted his guilty plea. [*Id.* at 37-39, 41-42].

On November 3, 2009, and again two weeks later, Forbes wrote letters to the court. [Doc. 168]. In his first letter, he said that he had been nervous and confused at the plea hearing and he was scared about what he faced. [*Id.* at 1]. He asked for advice from the court about what he should do. In the second letter he admitted his guilt and his understanding that he faced a twenty-year sentence. [*Id.* at 3]. He described mitigating circumstances and expressed his belief that a twenty-year sentence would be excessive. In neither letter did Forbes ask to withdraw his plea or

AO 72A
(Rev.8/82)

state that he had asked his counsel to file a motion to allow him to withdraw his plea. [Doc. 168].

On December 8, 2009, newly retained attorneys, Mark Yuracheck and Bruce Harvey, entered appearances for Forbes in substitution for Brownlow. [Doc. 111]. Brownlow was allowed to withdraw from the case. [Doc. 120]. On December 10, 2009, through his new counsel, Forbes filed a motion to withdraw his guilty plea. [Doc. 118]. On April 28, 2010, the district court entered an order denying Forbes's motion to withdraw his guilty plea. [Doc. 169]. On May 17, 2011, the district court sentenced Forbes to the mandatory minimum sentence of 240 months in prison. [Docs. 273, 287 at 17].

The Government did not file a motion to reduce Forbes's sentence for substantial assistance. At sentencing, Government counsel stated that Forbes had not provided substantial assistance to the Government because he "dramatically minimized his conduct and subsequently moved to withdraw his plea." [Doc. 287 at 10].

Additional facts are discussed in context below.

## II. CLAIMS

Forbes's § 2255 petition raises the following claims:

1. His attorney rendered ineffective assistance of counsel:

4

> A. in advising Forbes to enter a guilty plea pursuant to an unfavorable plea agreement which waived important rights without obtaining corresponding benefits;
>
> B. in failing to file a motion to withdraw Forbes's guilty plea when Forbes made the request;
>
> C. in releasing confidential information that prejudiced Forbes in the course of moving to withdraw; and
>
> D. in failing to review the discovery with Forbes, failing to discuss the possible defense of buyer/seller relationship, and misinforming Forbes regarding the consequences of a conviction after a trial.
>
> 2. As a consequence of Counsel's ineffective assistance, Forbes's plea of guilty was involuntary.

[Doc. 288].

## III. STANDARD FOR CLAIMS OF INEFFECTIVE ASSISTANCE

"Ineffective assistance of counsel claims are governed by the standard set forth by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)." Green v. Nelson, 595 F.3d 1245, 1249 (11th Cir. 2010). "An ineffective assistance claim has two components: A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense."

Wiggins v. Smith, 539 U.S. 510, 521 (2003) (citing Strickland, 466 U.S. at 687). To establish deficiency, a petitioner must show that "counsel's representation 'fell below an objective standard of reasonableness.'" Wiggins, 539 U.S. at 521 (quoting Strickland, 466 U.S. at 688).

The two part Strickland standard applies to challenges to the validity of guilty pleas based on claims of ineffective assistance of counsel. See Hill v. Lockhart, 474 U.S. 52, 58 (1985). When a petitioner's conviction is based on a guilty plea, in order to show prejudice, he must show that there is a reasonable probability that, but for counsel's mistakes, he would not have pleaded guilty and would have insisted on going to trial. Id. at 59; Esslinger v. Davis, 44 F.3d 1515, 1528 (11th Cir. 1995).

## IV. DISCUSSION

### A. Alleged ineffective assistance in advice to enter negotiated plea

Forbes claims ineffective assistance of counsel because Brownlow advised him to enter a guilty plea pursuant to an unfavorable plea agreement. Forbes claims that he received no benefit from the plea agreement, and that he would have been better off if he had entered a non-negotiated plea or gone to trial.

Forbes's argument that he received no benefit from the plea agreement is contradicted by the terms of the plea agreement and by the district court's order denying Forbes's motion to withdraw his plea. The maximum sentence that Forbes

6

could have received was life imprisonment. The plea agreement required the Government to recommend a sentence at the low end of the adjusted guideline range. Because Forbes was subject to a mandatory minimum sentence, the lowest guideline sentence he could receive was 240 months, which was the Government's recommendation. The plea agreement at least reduced the possibility that Forbes would receive more than the mandatory minimum 240 month sentence. In addition, as stated by the district court, the plea agreement provided for the possibility of Forbes's cooperation and a downward departure motion.[2] [Doc. 169 at 8].

However, even if Forbes received no benefit from the plea agreement, he is not entitled to relief. A criminal defendant has a Sixth Amendment right to effective assistance of counsel during plea discussions with the government, Missouri v. Frye, ––– U.S. ––––, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012); Lafler v. Cooper, ––– U.S. ––––, ––––, 132 S.Ct. 1376, 1384, 182 L.Ed.2d 398 (2012). However, a defendant has no right to a plea agreement that confers benefits. Weatherford v. Bursey, 429 U.S. 545, 560–61, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977) (A defendant has no constitutional right to receive a plea offer from the government); United States v. Palmer, 809 F.2d 1504, 1508 (11th Cir.1987) (relying on Weatherford to hold that the "government was

---

[2]Forbes's contention that his attorney misinformed him about the sentence that he would receive with and without a plea is discussed in section "D" below.

7

under no obligation to enter into any plea bargaining or to accept any deal offered by Palmer"). There is no indication in this case that the Government was amenable to a different plea agreement that would have resulted in a sentence less than 240 months. Therefore, Forbes has not demonstrated that Brownlow rendered ineffective assistance of counsel by failing to secure a more favorable plea agreement.

Forbes's argument that he was worse off with his plea agreement than if he had entered a non-negotiated plea is without factual or legal support. Forbes argues that if he had entered a non-negotiated plea he would not have waived his right to appeal or collateral attack. However, the general rule is that a guilty plea waives all non-jurisdictional challenges to a conviction. United States v. Reynolds, 215 F.3d 1210, 1215 (11th Cir.2000). Forbes does not suggest how his right to appeal or file a collateral attack would have resulted in a lower sentence after a non-negotiated guilty plea.

To the extent that Forbes argues that he would have been better off if he had gone to trial, that contention is without merit. First, the record is clear that it was Forbes's decision to plead guilty rather than go to trial after Forbes was fully advised of his rights by the court. Second, this contention amounts to speculation and second-guessing with the benefit of hindsight. In reviewing claims of ineffective assistance, second-guessing an attorney's performance is not permitted. White v. Singletary, 972

8

F.2d 1218, 1220 (11th Cir. 1992) ("Courts should at the start presume effectiveness and should always avoid second-guessing with the benefit of hindsight.").

In sum, under the applicable standards, there is no support for Forbes's contention that his attorney rendered ineffective assistance of counsel in his recommendation that Forbes enter a negotiated guilty plea.

### B. **Alleged ineffectiveness in failing to file a motion to withdraw guilty plea**

Forbes's verified brief states that he requested his attorney to move to withdraw his plea no later than October 27, 2009. The brief states that counsel "refused to move to withdraw Petitioner's plea and told him that he could do it, but he'd have to do it without defense counsel." [Doc. 288 at 13]. Forbes alleges that his counsel rendered ineffective assistance in refusing to file a motion to withdraw his plea.

As an initial matter, I note that Forbes's allegations are undercut by his letters to the court in early November 2009 in which he expressed concern about his sentencing, asked for advice from the court, but did not state that he wished to withdraw his plea. These letters strongly indicate that Forbes was waiting for a response from the court before he decided how he wanted to proceed on his case. Moreover, Forbes's "Discharge of Counsel" notice dated December 2, 2009 did not state that he was discharging Brownlow because Brownlow refused to file a motion to withdraw his plea. [Doc. 119-1].

9

Additionally, new counsel's motion to withdraw Forbes's plea states that Forbes contacted new counsel a week after the guilty plea, and asked counsel to "assess his legal position" if he were to go to trial. [Doc. 118 at 3]. New counsel then spent approximately three weeks reviewing and discussing the case before filing the motion to withdraw. [Id.]. These facts show that Forbes was weighing his options, and contradict Forbes's current contention that he unequivocally wanted to withdraw his plea no later than October 27, 2009.

Even assuming that Forbes's current allegations are true, he has not shown ineffective assistance by Brownlow. Once a court accepts a defendant's plea, Fed. R. Crim. P. 11(d)(2) permits a defendant to withdraw a non-binding plea before sentencing only if the defendant shows a fair and just reason for requesting the withdrawal. A "fair and just" reason requires the court to consider these factors: (1) whether the defendant had close assistance of counsel for the plea; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea. United States v. Brehm, 442 F.3d 1291, 1298 (11th Cir. 2006). If the first two factors weigh against the defendant, a court need not "give particular attention" or weight to the last two. United States v. Gonzalez–Mercado, 808 F.2d 796, 801 (11th Cir. 1987).

10

Given the lengthy and thorough plea colloquy that took place on October 8, 2009 in which Forbes and Brownlow assured the district court that Forbes had close assistance of counsel for his plea and that his plea was knowing and voluntary, this court cannot find that Brownlow's refusal to contradict those sworn representations in a motion to withdraw the plea fell below the standard for effective assistance of counsel. Brownlow could have reasonably concluded that such a motion would be summarily rejected and could have prejudiced Forbes's chances for a substantial assistance departure.[3] Cf. Brehm, 442 F.3d at 1298-99 (finding that a district court does not abuse its discretion when it refuses to hold an evidentiary hearing on a motion to withdraw a guilty plea when the court has conducted extensive Rule 11 inquiries prior to accepting the guilty plea).

In any event, accepting that Brownlow immediately told Forbes that he would not file a motion to withdraw the plea, Forbes could have quickly hired new counsel to file a motion to withdraw the plea, or informed the court of his desire to withdraw his plea. He did neither. Instead, Forbes wrote to the court to express his concern about his sentence and explain the mitigating circumstances for his guilty conduct. It was not until December 8, 2009 that new counsel entered an appearance. (Their motion to

---

[3]In fact, the government cited the motion to withdraw (filed by new counsel) as one of the reasons it declined to file a substantial assistance motion. [Doc. 287 at 10].

11

withdraw was filed two days later.)  Thus, Forbes's own conduct, not the conduct of Brownlow, caused the delay in the filing of the motion to withdraw his plea.

Finally, Forbes cannot show that he was prejudiced by the delay in the filing of the motion to withdraw his guilty plea.  The district judge's decision to deny a motion to withdraw a guilty plea is reviewed for abuse of discretion.  Gonzalez-Mercado, 808 F.2d at 799.  As set forth above, the most important factors in exercising that discretion are close assistance of counsel and voluntariness.  The district court's order denying Forbes's motion to withdraw his guilty plea found that both of these factors weighed against Forbes.  [Doc. 169].  Thus, the motion almost certainly would have been denied even it had been filed sooner.

### C. **Alleged ineffectiveness in releasing confidential information that prejudiced Forbes in the course of moving to withdraw**

Forbes alleges that Brownlow provided ineffective assistance of counsel when he filed a document signed by Forbes in connection with his motion to withdraw.  The handwritten document, signed by Forbes on September 21, 2009, and filed on December 11, 2009, instructed defense counsel to "confer with [the prosecutor] and tell him I desire to cooperate with the government in the prosecution of my case and the cases of my co-defendants." [Doc. 119-1 at 4].

This claim is without merit for several reasons.  First, it does not state a valid basis for relief under Section 2255 because it does not concern the validity or

12

lawfulness of Forbes's conviction or sentence. Second, although Forbes speculates how he may have been prejudiced by release of this document, he does not allege that he was in fact prejudiced in any way. Finally, the plea agreement, which was publicly filed, had already disclosed that Forbes had agreed to fully cooperate with the Government's investigation. [Doc. 65-1 at 7-8].

### D. Alleged ineffectiveness in failing to review the discovery with Forbes, failing to discuss the possible defense of buyer/seller relationship, and misinforming Forbes regarding the consequences of a conviction after a trial

In this ground, Forbes first alleges that Brownlow was ineffective in failing to provide him with, or review with him, the discovery in the case. However, Forbes does not specify what discovery materials he is now aware of (and was not aware of at the time of the plea) that would have convinced him to go to trial rather than plead guilty. Moreover, Brownlow told the court during the plea hearing that he had reviewed all of the evidence extensively with Forbes. [Doc. 66 at 20]. Forbes did not disagree with that statement.

Forbes's conclusory allegations that some unspecified evidence would have caused him to go to trial is insufficient. See Randolph v. McNeil, 590 F.3d 1273, 1276 n. 1 (11th Cir. 2009) (holding "conclusory assertions" will not support a claim of ineffective assistance of counsel); Wilson v. United States, 962 F.2d 996, 998 (11th Cir. 1992) (same); Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991)

13

(addressing issue in context of 28 U.S.C. § 2254); Story v. United States, Civ. No. 09-00262-KD, Crim. No. 08-00044-KD-B, 2012 WL 671677, at *4 (S.D. Ala. Jan. 31, 2012) (rejecting § 2255 claim of ineffective assistance where movant had not indicated what a more thorough investigation by his attorney would have revealed or how any supposed discovery would have been fruitful in his case).

Forbes next alleges that Brownlow was ineffective for failing to discuss with him the possible defense of buyer/seller relationship. Forbes does not cite any cases that explain what he means by "the defense of buyer/seller relationship" but I will assume that he is referring to the statement in some cases that "the existence of a simple buyer-seller relationship alone does not furnish the requisite evidence of a conspiratorial agreement." E.g. United States v. Bascaro 742 F.2d 1335, 1359 (11th Cir. 1984). However, even if Brownlow had not specifically discussed this statement of law with Forbes, such an omission would not constitute ineffective assistance of counsel.

Advice regarding the elements of a conspiracy sufficiently informs a defendant that a simple buyer-seller relationship is insufficient to form a conspiracy. Cf. United States v. Russell, 378 F. App'x 884, 888 (11th Cir. 2010) (holding that a jury instruction on buyer-seller relationship is not required where the court has instructed the jury on the elements of conspiracy). Forbes does not allege that he did not

14

understand the elements of conspiracy. In fact, Forbes certified in his plea agreement that he understood the elements that the Government would have to prove to convict him. Brownlow also certified that he had carefully reviewed the charges with Forbes. [Doc. 65-1 at 15]. In addition, the prosecutor went over the elements of conspiracy at the plea hearing before the plea was accepted. [Doc. 66 at 23]. Forbes orally affirmed that he understood what the Government would have to prove if the case went to trial. [Id. at 23-24]. He also stated under oath that Brownlow had described the elements of the offense to him. [Id. at 24].

Moreover, to be considered effective, counsel is not required to discuss every possible defense with a defendant, especially one that is not supported by the evidence. See St. Pierre v. Walls 297 F.3d 617, 628 (7th Cir. 2002). Here, the defense of a mere buyer-seller relationship would not have been supported by the evidence. The Government's evidence included recorded coded conversations between Forbes and a co-defendant on April 12th and 22nd, 2008 which established that Forbes was ordering ten kilograms of cocaine at $20,200 per kilogram from the co-defendant. [Doc. 66 at 38]. In the second of those conversations, Forbes told the co-defendant that he was ready to work and that he had the money for the cocaine, but needed to collect it. [Id.]. This evidence supports Forbes's admission at the plea

15

hearing that he and his co-defendants agreed among themselves to engage in the trafficking of cocaine. [Id. at 38-39].

Forbes also claims that Brownlow misinformed him of the consequences of a conviction after a trial. Specifically, Forbes asserts that Brownlow informed him that he would receive a life sentence if he went to trial, but that if he pleaded guilty and allowed himself to be debriefed, he would receive a "term of imprisonment . . . in the single digits in terms of years." [Doc. 288 at 19-21]. However, this assertion clearly contradicts what the court told Forbes, and what Forbes said he understood, at his plea hearing.

At Forbes's plea hearing, the district judge told Forbes that the maximum term of imprisonment was life imprisonment and the mandatory minimum term of imprisonment was twenty years. [Doc. 66 at 25]. The court explained that the "mandatory minimum" term of imprisonment of twenty years meant that the court would have to impose a term of twenty years. [Id.]. The court also explained to Forbes that if the court "thought it was appropriate" the court could sentence him to the maximum authorized punishment. [Id.]. Forbes affirmed that he understood, and he denied that anyone had promised him what actual sentence he would receive. [Id. at 19, 25].

16

The district judge explained to Forbes that before he decided what sentence to impose, he would review a pre-sentence report that would provide the court with " a wealth of information for my use in determining a sentence." [Doc. 66 at 28]. The district judge told Forbes that the sentence would be "solely within my prerogative and discretion." [Id at 30-31]. The court further explained: "And another way of saying that is that I will look at what the guidelines recommend, but it's within my discretion to impose a sentence that's greater than what the guidelines recommend or less than what the guidelines recommend." [Id. at 31]. Again, Forbes affirmed that he understood. [Id.]. Although given the opportunity to tell the court if the court's explanation was different from what his attorney had told him, Forbes did not do so.

Forbes's sworn representations made during his plea hearing, along with the findings made by the district judge in accepting the plea, constitute "a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977). The district judge may reject a § 2255 motion without an evidentiary hearing when the movant's allegations are affirmatively contradicted by the record. See Vick v. United States, 730 F.2d 707, 708 (11th Cir. 1984). Here, Forbes's allegations as to what he understood about his sentence are affirmatively contradicted by the record of the thorough plea colloquy conducted by the district court.

17

Even assuming that Brownlow made an erroneous prediction that Forbes would receive a downward departure for substantial assistance, such a prediction does not entitle Forbes to relief. See Johnson v. Massey, 516 F.2d 1001, 1002 (5th Cir. 1975) (holding that good faith but erroneous prediction of sentence by counsel does not render guilty plea involuntary). Therefore, Forbes's § 2255 motion should be denied without an evidentiary hearing. See Johnson v. United States, No. 8:07-CV-594-T-27MSS, 2009 WL 995472, at *6 (M.D. Fla. April 13, 2009) ("[C]onsidering the nature of the charges and the evidence available to the government, [counsel's] advice that [petitioner] plead guilty rather than go to trial did not fall below an objective standard of reasonableness . . . . That the attorney's prediction turned out to be mistaken, and his estimate of the sentencing guidelines erroneous, does not constitute ineffective assistance of counsel in and of itself and does not undermine the knowing and voluntary nature of Petitioner's guilty pleas.").

### E.  **Alleged involuntariness of plea due to ineffective assistance**

In his final ground, Forbes alleges that his plea was not voluntary solely because of Brownlow's alleged ineffective assistance. [Doc. 288 at 22]. Forbes concedes that the Court's Rule 11 colloquy was very thorough, and he points to no flaws or omissions in that colloquy. [Id. at 25]. As discussed above, Brownlow did not render ineffective assistance; therefore, this claim is due to be dismissed.

18

## V. **CERTIFICATE OF APPEALABILITY**

According to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. §2253(c)(2), a certificate of appealability shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Movant has failed to make a substantial showing of the denial of a constitutional right. Accordingly, **I RECOMMEND** that a certificate of appealability be **DENIED**.

## VI. **CONCLUSION**

Based on the foregoing, **I RECOMMEND** that Movant's motion to vacate sentence [Doc. 288] be **DENIED.**

**IT IS FURTHER RECOMMENDED** that a certificate of appealability be **DENIED**.

19

AO 72A
(Rev.8/82)

Movant's motion for extension of time to file a reply [Doc. 301] is **GRANTED** *nunc pro tunc*.

The Clerk is **DIRECTED** to terminate the referral to me.

**IT IS SO ORDERED AND RECOMMENDED**, this 13th day of February, 2013.

                                                         */s/ Gerrilyn G. Brill*
                                                      GERRILYN G. BRILL
                                                      UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)